# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:04CR00070 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **NORA LESTER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Nora Lester, Pro Se Defendant.*

The defendant, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging that her guilty plea to a violation of 18 U.S.C. § 924(c) was invalid. After reviewing the defendant's submissions and the record, I will summarily dismiss the § 2255 motion as untimely filed and without merit.[1]

I

A grand jury of this court returned a multi-count, multi-defendant Indictment charging that defendant Nora Lester conspired to possess with intent to distribute

---

[1] Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings" that the defendant is not entitled to relief.

and to distribute oxycondone, in violation of 21 U.S.C. §§ 841(a) and 846 (Count One), and used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime, in violation of 21 U.S.C. § 924(c) (Count Six). Lester pleaded guilty to both charges, pursuant to a written Plea Agreement.[2] On December 12, 2005, I sentenced Lester to a term of 70 months on Count One and the statutory mandatory minimum term of 60 months on Count Six, to be served consecutive to the term on Count One, as required under § 924(c)(1)(A)(i) and (D)(ii). Lester did not appeal.

Lester signed and dated her § 2255 motion on October 25, 2013, alleging that her guilty plea to Count Six should be vacated because she was not "in possession of a firearm in furtherance of a drug trafficking crime as defined by the statute."[3] (§ 2255 Mot. 5.) The court advised Lester that her motion appeared to be untimely under § 2255(f) and would be summarily dismissed on that ground unless she provided additional information or argument demonstrating that her

---

[2] Under the terms of the Plea Agreement, the parties stipulated that Lester's Base Offense Level for the drug offenses should be 32. The Presentence Investigation Report ("PSR") found that she qualified for a two-level reduction for playing a minor role in the offense and a three-level reduction for acceptance of responsibility, for a Total Offense Level 27. The PSR, which I adopted without objection from the parties, reported a Criminal History Category I, giving Lester an advisory custody range of 70 to 87 months.

[3] Lester states that "she should have never been indicted nor convicted under [§ 924(c)]" based, in part, on the fact that she "is not a previously convicted felon." (§ 2255 Mem. Supp. 1.) Prior conviction of a felony offense is not an element of the offense defined in § 924(c), however. Thus, this aspect of Lester's § 2255 claim lacks merit.

claims should be addressed on the merits. Lester has responded, asserting that her claims are timely filed under § 2255(f)(4) because she could only have discovered her claim after recent court decisions.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If the district court gives the defendant notice that the motion appears to be untimely and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Lester's § 2255 motion is clearly untimely under § 2255(f)(1). Her conviction became final on December 27, 2005, when the ten-day opportunity to appeal the December 12, 2005 Judgment expired. *See* Fed. R. App. P. 4(b)(1)(A) (former version). Lester's one-year window to file a timely motion under § 2255(f)(1) expired on March 10, 2009.

Lester asserts that her claim is timely under § 2255(f) based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) and *Miller v. United States*, 735 F.3d 141, 146-47 (4th Cir. 2013). Because *Simmons* and *Miller* are not decisions of the United States Supreme Court, they do not provide grounds for timeliness under § 2255(f)(3) and offer Lester no escape from the time bar.

Lester also references a Supreme Court decision, *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Court held that any fact that *increases* the statutory minimum punishment must be charged in the indictment and proved beyond a reasonable doubt. *Id.* at 2155, 2162-63. Lester pleaded guilty to a violation of § 924(c), which requires a mandatory minimum, consecutive sentence of five years in prison, § 924(c)(1)(A)(i) and (D)(ii), and I imposed that sentence. Because the mandatory minimum for her offense was not increased based on facts not charged in the Indictment, *Alleyne* has no relevance to Lester's sentence or to the timeliness of her § 2255 claim.

Lester also asserts timeliness under § 2255(f)(4), which requires a showing that she filed her claim within one year of discovering necessary facts. The only new facts Lester cites, however, are the court decisions in *Simmons*, *Miller*, and *Alleyne*. These decisions are not facts for purposes of § 2255(f)(4), because they are not "legal decision[s] that occurred in [Lester's] own case." *See United States v. Sawyer*, No. 13-6556, 2014 WL 211896, at *1 (4th Cir. Jan. 21, 2014) (unpublished). Lester also does not demonstrate that her § 2255 claim is timely under § 2255(f)(2), based on removal of a constitutional impediment to filing. Therefore, she fails to show that her § 2255 motion is timely filed under any subsection of § 2255(f).

Finally, Lester fails to state facts on which she would be entitled to equitable tolling of the statutory filing period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (finding that equitable tolling warranted only if defendant shows (1) she pursued her rights diligently, and (2) some extraordinary circumstances precluded a timely filing). Therefore, I will summarily dismiss Lester's § 2255 motion as untimely filed.

A separate Final Order will be entered herewith.

    DATED: March 13, 2014

    /s/ James P. Jones
    United States District Judge